| | |
|---|---|
| **KANISHA MONIQUE LATRICE ERWIN,** et al., | ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) **ORDER** |
| **GASTON COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,** | ) ) ) ) |
| **Defendants.** | ) ) ) |

**THIS MATTER** is before the Court on initial review of the Amended Complaint,[1] (Doc. No. 3), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2).

I. BACKGROUND

*Pro se* Plaintiff has filed an Amended Complaint pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). She purports to bring suit on behalf of herself and her two sons. She names as Defendants: Gaston County Department of Health and Human Services ("HHS"), Caseworkers Sonya Smith, Latasha Wright, Jennifer Helms, Tamika Tatum, and Rebekah Austin, and Child Protective Services.

Beginning in 2014, HHS accused Plaintiff of neglect and retaliated against her by taking custody of her children when she "sought justice," and slandered her for doing so. (Doc. No. 3 at

---

[1] The Complaint, (Doc. No. 1), was unsigned and failed to state a claim. Plaintiff filed another civil lawsuit addressing similar Defendants and incidents, case number 3:18-cv-588. The Court closed case 3:18-cv-588 as duplicative and ordered the Clerk to file the Complaint in case number 3:18-cv-588 as the Amended Complaint in the instant case.

1

7).

Plaintiff moved to Georgia because her son's pediatrician, therapist, and orthopedic specialist provided conflicting recommendations and treatment plans. This left him with pain but no treatments or diagnoses. Weeks after the move, Defendant Tatum contacted Plaintiff and threatened to take her child if she did not return. (Doc. No. 3 at 9). "Internal government of the State rights" and "[a]llegiance to the United States" were violated between 2014 and 2018 when Defendant Tatum forced Plaintiff and her children back to North Carolina, contributing to a pattern of medical negligence. (Doc. No. 3 at 7-8). When Plaintiff told Defendant Tatum that the family had to leave because Plaintiff had been raped, Tatum refused and said Plaintiff was dangerous. This was an equal protection violation. Defendant Wright falsely accused Plaintiff of assault, telling police that Plaintiff hit her, but Wright said she did not know what touched her when police arrived. Plaintiff was still arrested because the medication she takes causes memory loss. Plaintiff had a failure to appear warrant and she was beaten by eight police officers. Plaintiff has a bulging disc and is schizophrenic, so she was afraid of the cell. She was choked, hit with knees and elbows, and suffered trauma to her neck, back, and shoulders. Defendant Wright violated the Seventh Amendment by forcing Plaintiff to get three psychiatric evaluations and said that Plaintiff would lose custody of her children if she did not comply.

Defendants Wright, Smith, Helms, and Tatum denied Plaintiff's family resources and assistance during the investigation process. In May 2017, Defendants Wright and Smith refused to assist with disability housing resources even after a court ordered them to do so in August 2017. Social security denied Plaintiff's claims between 2014 and 2017 and caused Plaintiff to be ineligible for disability housing. Neighbors complained about Plaintiff's disability between 2015 and 2017. The family was finally moved to another unit in April 2017. However, the new unit had

mold, mildew, and rust. Plaintiff complained about these conditions in May 2017. Defendant Wright investigated and, in August 2017, the public defender said that Wright was going to address the leasing office about the problems or help the family move with a disability housing voucher. Defendants Wright and Smith refused disability housing resources which neglected the family's safety. (Doc. No. 3 at 7, 10).

HHS falsely accused Plaintiff of "dependency," being aggressive, and being dangerous to her children's wellbeing and caused her to be arrested, and she was beaten by eight police officers. (Doc. No. 3 at 8). Defendant Smith wrongfully took parental rights in November 2017 without a trial in violation of the Ninth and Thirteenth Amendments. HHS violated all Plaintiff's rights in court by taking visitation, refusing trial, withholding evidence, fabricating information, refusing close relatives' temporary custody, and taking Plaintiff's parental rights. HHS denied Plaintiff equal protection by denying the family an opportunity of a trial. HHS fabricated evidence and withheld evidence "to cause jury and trial refusals/denials." (Doc. No. 3 at 9). Defendant Tatum violated Plaintiff's "[r]ights of the accused" when she accused Plaintiff of medical negligence since 2014 during a CPS investigation, and she has continued to do so. (Doc. No. 3 at 8). HHS "neglected to report the Federal crimes" and retaliated against Plaintiff, discriminated, harassed, and exposed their confidential information. (Doc. No. 3 at 9). Plaintiff was denied the right to meet the foster caregivers, visitation, and hospital visits.

Years of harassment, accusing Plaintiff of neglect, slander, and discrimination have placed Plaintiff's mental disability at risk. HHS also denied Plaintiff "children['s] DNA results, [c]hildren['s] medical status, medical condition," and visitation. (Doc. No. 3 at 8). This contributed to a pattern of medical negligence, falsely accusing Plaintiff of neglect and dependency, discriminating against Plaintiff's and Leron's disabilities, harassment, slander, and causing

3

distress.

Defendant Smith took Plaintiff's children by pulling her son's injured left arm, placing him at risk. Plaintiff's son Leron is in daycare yet his physical impairment due to birth injuries requires 24-hour care, which placed his injuries at extreme physical harm. Plaintiff's son Legend did not have any breathing complications until Defendant Smith took custody. Both of Plaintiff's sons were placed in a home where the caregiver neglected care and medical treatment. Defendants Austin and Helms denied Plaintiff visitation in the hospital when Legend's oxygen was being monitored and they also denied Plaintiff's rights to meet foster families.

Defendants Wright, Smith, Austin and Helms forced Plaintiff to urinate in front of random strangers, violating her disability rights and causing unhappiness. Defendants Wright and Smith sent confidential information to random people who are not close relatives and "unlawfully exposed" her psychiatric records between October 2017 and November 2017 "with legal warrants and legal permission." (Doc. No. 3 at 8). They also cut Laron's and Plaintiff's hair.

Defendant Smith violated the First Amendment by taking Plaintiff's children because Plaintiff contacted a retired doctor. She contacted the doctor about her son's head injury and the doctor did not file a police report or restraining order but replied to Plaintiff's concerns. The doctor "informed the hospital about our pains and suffering" and the hospital filed a restraining order. (Doc. No. 3 at 10). During a court date, CPS was contacted and said that Plaintiff has a mental illness. "They" said Plaintiff was aggressive and Defendant Wright labeled her case as "dependency." (Doc. No. 3 at 9-10). There is no evidence of dangerous behavior. Plaintiff contacted the doctor because her son is suffering from birth injuries that have never been diagnosed or treated. Plaintiff has tried to protect her disabled child but CPS accused her of neglect.

Defendants have subjected Plaintiff to years of retaliation, false allegations, slander,

4

harassment, and discrimination caused the family distress and unhappiness. Plaintiff seeks $17 million.

## II. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The Court first addresses Plaintiff's Application to proceed *in forma pauperis.* Plaintiff's affidavit shows that she has $771 in monthly income from social security benefits. She has no cash or money in any bank account. Her monthly expenses include $350 in car payments, $75 in rent, $150 for gas, $115 for utilities and $269 for car insurance.

The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed *in forma pauperis*.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). However, the statement must assert more than "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

Plaintiff has asserted similar claims to those she presently raises, against similar Defendants in at least four other actions in this Court. See Erwin v. HHS, 3:18-cv-208-FDW (dismissed for lack of jurisdiction, for lack of authority to present claims for her minor children, and as subject to abstention); Erwin v. HHS, 3:18-cv-206-RJC (dismissed for failure to state a claim); Erwin v. HHS, 3:18-cv-210-FDW (dismissed for lack of subject matter jurisdiction); Erwin v. Smith, 3:19-cv-587 (dismissed as duplicative, and cautioning Plaintiff against continued frivolous filings).

Plaintiff reiterates, for the fifth time, the same frivolous claims that she has raised repeatedly before this Court, and they fail for the same reasons. The federal courts are of limited jurisdiction and they are heavily burdened with legitimate federal actions. Litigious, frivolous filers such as Plaintiff clog the court system and strain the Court's scarce time and resources. Should Plaintiff present the same frivolous claims to the Court, she will be ordered to show cause why she should not be sanctioned with monetary penalties for filing vexatious lawsuits, and why this Court should not enter a pre-filing injunction against her.

## VI. CONCLUSION

For the reasons stated herein, the Application to proceed *in forma pauperis* is granted and

6

Case 3:19-cv-00559-FDW-DCK   Document 4   Filed 05/08/20   Page 6 of 7

the Amended Complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **GRANTED**.

2. The Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Plaintiff is cautioned that continued duplicative and frivolous filings will result in the issuance of an order to show cause why sanctions should not be imposed, including monetary sanctions and a pre-filing injunction.

3. The Clerk is ordered to close this case.

Signed: May 7, 2020

Frank D. Whitney
Chief United States District Judge